# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

January 14, 2019

To: All counsel of record

## LETTER OPINION AND ORDER

RE: **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 72.88.209.24**
**Civil Action No. 18-17614 (ES)(MAH)**

Dear Counsel:

This Letter Opinion and Order will address Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet Protocol ("IP") address 72.88.209.24 for the dates relevant to the Complaint. Plaintiff seeks to obtain this information before the Federal Rule of Civil Procedure 26(f) scheduling conference in this matter. Pl.'s Br. in Supp. of Mot., Jan. 10, 2019, D.E. 4-1, at 1. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. For the reasons stated below, Plaintiff's motion [D.E. 4] is **granted.**

### I. BACKGROUND

Plaintiff Strike 3 Holdings, LLC is a Delaware limited-liability company that claims ownership of certain United States copyright registrations. Compl., Dec. 26, 2018, D.E. 1, at ¶¶ 2-4, 11, 31. Plaintiff alleges that Defendant illegally distributed Plaintiff's copyrighted works via the BitTorrent peer-to-peer file-sharing system, in violation of the Copyright Act, 17 U.S.C. § 101

et seq.[1]  Id. at ¶¶ 17-33.

Plaintiff asserts that it does not know Defendant's identity; it knows only that the infringing acts alleged in the Complaint were committed using IP address 72.88.209.24. Pl.'s Br. in Supp. of Mot., Jan. 10, 2019, D.E. 4-1, at 1-2.  Therefore, Plaintiff seeks leave to issue a subpoena to the appropriate Internet Service Provider ("ISP"), in this case Verizon Online LLC so that Plaintiff may learn Defendant's true identity.  Id. at 2.  Plaintiff asserts that the ISP, having assigned that IP address, can compare the IP address with its records to ascertain Defendant's identity.  Id. at 2-3.  Plaintiff contends that this information is necessary because without it, Plaintiff will have no means to determine the true identity of Defendant, and therefore would not be able to "serve John Doe Defendant nor pursue this lawsuit and protect its copyrights." Id.

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  The Court, however, may grant leave to conduct discovery prior to that conference.  See id.  In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).  Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test.  See In

---

[1] Plaintiff asserts that it retained forensic investigator, IPP International UG ("IPP"), to establish a direct TCP/IP connection with the Defendant's IP address.  See Compl., Dec. 26, 2018, D.E. 1, at ¶ 24; Declaration of Tobias Fieser ("Fieser Decl."), Jan. 10, 2019, D.E. 4-3, at ¶¶ 7-10.  Plaintiff alleges that its investigators were able to use the BitTorrent network to download one or more pieces of Plaintiff's copyrighted material during connections with Defendant's IP address.  See Compl., Dec. 26, 2018, D.E. 1, at ¶¶ 24-30; Fieser Decl., Jan. 10, 2019, D.E. 4-3, at ¶¶ 7-12.  Plaintiff further alleges that "Defendant's infringement is continuous and ongoing."  See Compl., Dec. 26, 2018, D.E. 1, at ¶ 30.

re BitTorrent Adult Film Copyright Infringement Cases, No. 11-3995, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

Courts in this District have frequently applied the "good cause" standard to permit early but limited discovery under analogous circumstances. In Malibu Media, LLC v. John Does 1-11, plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants' name, address, telephone number, email address, and Media Access Control ("MAC") address. No. 12-7615, 2013 U.S. Dist. LEXIS 26217, at *3-4 (D.N.J. Feb. 26, 2013). In that case, the Court granted the plaintiff's request for early discovery, but permitted the plaintiff to obtain only the information absolutely necessary to allow it to continue prosecuting its claims: the defendant's name and address. Id. at *3. The Court recognized that neither party should be left without remedy. On the one hand, plaintiffs claimed to be the owners of copyrighted works that were entitled to protection. On the other hand, more expansive and intrusive discovery could have imposed an undue burden on innocent individuals who might not have been the actual infringers. Id. at *9-11 (citing Third Degree Films, Inc. v. John Does 1-110, Civ. No. 12-5817, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Therefore, the Court granted plaintiffs limited, early discovery, i.e., the names and addresses of the subscribers but not the email addresses, phone numbers, or MAC addresses. Id. at *3. Other courts in this District have reached the same conclusion and have imposed similar limitations. See, e.g., Malibu Media LLC v. Doe, No. 14-3874 (WJM) (MF), Order (D.E. 7), at 4 (D.N.J. Sept. 2, 2014) (limiting subpoena to be issued

before Rule 26 conference to "the name and address of Defendant"); Malibu Media, LLC v. Doe, No. 13-4660 (JAP) (DEA), slip op. (D.E. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); Voltage Pictures v. Doe, No. 12-6885 (RMB) (JS), 2013 U.S. Dist. LEXIS 155356, at *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and media access control address associated with a particular IP address); Malibu Media, LLC v. John Does 1-18, No. 12-7643 (NLH) (AMD), 2013 U.S. Dist. LEXIS 155911, at *9-10 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail address).

There is good cause in this case to permit limited discovery prior to the Rule 26(f) conference. The information is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of the Amended Complaint. The Court certainly recognizes that the IP account holder might not be personally responsible for the alleged infringement. However, the IP account holder might possess information that assists in identifying the alleged infringer, and thus that information is discoverable under the broad scope of Rule 26. See Malibu Media, LLC v. Does, No. 12-07789 (KM) (MCA), 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18, 2013) ("The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. Accordingly, the Court finds that the information sought by the subpoena is relevant."); see also Malibu Media LLC v. Doe, No. 14-3874 (WJM) (MF), Order (D.E. 7), at 3 (D.N.J. Sept. 2, 2014) (quoting Malibu Media, LLC v. Does, No. 12-07789 (KM) (MCA), 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18, 2013)).

Accordingly, the Court determines that good cause exists to allow Plaintiff to discover the name and address of the IP subscriber. That information serves the purposes outlined above, while

also taking into consideration the impact that disclosure might have on a subscriber who is not personally responsible for the alleged infringement. Therefore, the Court grants Plaintiff's motion. D.E. 4. Plaintiff may serve Verizon Online LLC with a subpoena pursuant to Federal Rule of Civil Procedure 45 that is limited to obtaining the name and address of the subscriber of IP address 72.88.209.24. Plaintiff may not seek the subscriber's telephone number(s), email address(es), or MAC addresses. Plaintiff shall attach a copy of this Letter Opinion and Order to the subpoena. Plaintiff shall limit its use of the information to this litigation, and Plaintiff shall be prepared to provide copies of the responsive information to any Defendant who enters an appearance in this case.[2]

So Ordered.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Before filing an Amended Complaint naming a specific individual as a Defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. By permitting this discovery, the Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims or its identification of the specific individual as the Defendant.